UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JODY LEE COFFEY,
    Petitioner,

vs.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:16-cv-353

Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, an inmate in state custody at the Warren Correctional Institution in Lebanon, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). In the petition, petitioner challenges his conviction and sentence in Butler County, Ohio, Court of Common Pleas Case No. CR2009-06-1009. (*Id.*, at PAGEID#: 1). This matter is before the Court on respondent's motion to dismiss (Doc. 6),[1] which petitioner opposes. (*See* Doc. 7).

**I. PROCEDURAL HISTORY**

    **A. State Proceedings**

In July 2009, the Butler County grand jury returned an indictment in Case No. CR2009-06-1009, charging petitioner with one count of rape of a minor under thirteen years of age in violation of Ohio Rev. Code § 2907.02(A)(1)(b). (Doc. 5, Ex. 1). In September 2009, petitioner entered a guilty plea to the charge. (*Id.*, Ex. 2). Following a sentencing hearing, the trial court entered final judgment on October 26, 2009, sentencing petitioner to a fifteen (15) year to life term of

---

[1] Respondent has also separately filed exhibits obtained from the underlying state-court record as support for the motion to dismiss. (*See* Doc. 5).

imprisonment and classifying petitioner as a "Tier III Sex Offender." (*Id.*, Ex. 3).

Respondent states that petitioner did not pursue an appeal from his conviction or sentence in the state courts. (Doc. 6, p. 2, at PAGEID#: 48).

### B. Federal Habeas Corpus Petition

The instant habeas corpus petition was stamped as "filed" with the Court on March 3, 2016. (*See* Doc. 1). However, because petitioner has averred in the petition that he placed the pleading in the prison mailing system for delivery to the Court on March 2, 2016 (*see id.*, at PAGEID#: 9), it is presumed that the petition was filed on the earlier date for statute-of-limitations purposes.[2]

In the petition, petitioner asserts the following claim as the sole ground for relief:

> Alleged "State Court" proceedings were contrary to treaty, law and Constitution of the United States as trial court was without jurisdiction in unceded Indian territory, rending proceeding void *ab initio* pursuant to *Worcester v. Georgia*[, 31 U.S. 515 (1832)].

(*Id.*, at PAGEID#: 4).

Respondent has filed a motion to dismiss the petition on the ground that it is barred from review by the applicable one-year statute of limitations governing federal habeas actions by state prisoners, which is set forth in 28 U.S.C. § 2244(d). (Doc. 6). Petitioner opposes the motion to dismiss. (*See* Doc. 7).

## II. RESPONDENT'S MOTION TO DISMISS (DOC. 6) SHOULD BE GRANTED BECAUSE THE PETITION IS TIME-BARRED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective

---

[2] It is well-settled that the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266 (1988); *see also Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002); *Goins v. Saunders,* 206 F. App'x 497, 499 n.1 (6th Cir. 2006).

2

Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

The Court must first determine which limitations provision contained in 28 U.S.C. § 2244(d)(1), if any, applies to petitioner's sole ground for habeas corpus relief. Respondent contends that petitioner's claim is governed by the one-year statute of limitations set forth in § 2244(d)(1)(A) because the factual basis for the claim arose and was discoverable in the exercise of due diligence before petitioner's 2009 conviction became final by the conclusion of direct review or expiration of time for seeking such review. (*See* Doc. 6, p. 4, at PAGEID#: 50). In contrast, petitioner contends that no statute of limitations provision should apply because he is raising an issue challenging the state court's jurisdiction, which is a matter that "cannot be waived" and can be raised at any time. (*See* Doc. 7, at PAGEID#: 80).

Petitioner's jurisdictional claim is based on the argument that he was tried and convicted by

3

a "*non*-court" in a "*non*-state" which, according to the 1795 Treaty of Greenville,[3] falls within "unceded Indian Territory." (*See* Doc. 7, at PAGEID#: 78-80) (emphasis in original). It is petitioner's position that "*the entire incorporation of the alleged State of Ohio arises out of the abrogation of [the] U.S. treaty and therefore renders the very incorporation of the alleged State of Ohio void ab initio.*" (*Id.*, at PAGEID#: 79-80) (emphasis in original). The undersigned disagrees with petitioner's argument. As the Sixth Circuit has explained, following the Treaty of Greenville, numerous other treaties were entered whereby the various Native-American tribes residing in the region "ceded land to the United States in a piecemeal fashion." *See Ottawa Tribe of Oklahoma v. Logan*, 577 F.3d 634, 637 (6th Cir. 2009).[4] By the end of the 1830s, the tribes "had conveyed all of their lands in Ohio to the United States," and "[b]y 1839, the main tribal organization had transferred to Kansas." *Id.* at 636. Therefore, contrary to petitioner's contention, this case does *not* pose a jurisdictional question that could arguably prevent application of the AEDPA statute of limitations to petitioner's sole ground for relief.[5]

---

[3] By the Treaty of Greenville, "which brought to an end a conflict between the United States and a number of Indian tribes residing in Ohio and Indiana, the tribes ceded to the United States more than one half of the present state of Ohio." *See Ottawa Tribe of Oklahoma v. Logan*, 577 F.3d 634, 635 (6th Cir. 2009) (footnote omitted). "Under the treaty, the United States 'relinquish[ed] their claims to all other Indian lands' (with a few . . . exceptions) in Ohio." *Id.* (quoting Treaty of Greenville arts. 3 & 4).

[4] Specifically, the Native-American tribes ceded more of their land to the United States in the 1805 Treaty of Fort Industry, the 1807 Treaty of Detroit, the 1817 Treaty of Maumee Rapids, the Treaty of 1831 (wherein tribe members agreed "to remove west of the Mississippi" River from tracts of land reserved to them in the prior 1807 and 1817 treaties), and other removal treaties that followed the Treaty of 1831. *See Ottawa Tribe of Oklahoma v. Logan*, 577 F.3d 634, 636 (6th Cir. 2009).

[5] It is noted that one court within this circuit has pointed out that "the issue of state court jurisdiction is a question of state law, which has no bearing on the limitations issue in [federal habeas] case[s]." *See Dew v. Pancake*, No. 5:07CV-P37-R, 2007 WL 4302429, at *4 (W.D. Ky. Dec. 7, 2007) (holding a § 2254 petition was time-barred despite the claim that the trial court lacked jurisdiction over a crime for which the petitioner was convicted). *Cf. Thompson v. Warden Perry Corr. Inst.*, C/A No. 3:06-3429, 2007 WL 2579570, at *4 (D. S.C. Sept. 4, 2007) (similarly holding that a § 2254 petition was untimely despite the claim that petitioner's state conviction was void on

The undersigned further finds that petitioner's sole claim for relief is governed, as respondent has argued, by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A) in the absence of any showing that any of the later limitations provisions set forth in § 2244(d)(1)(B)-(D) is applicable to that claim. Under § 2244(d)(1)(A), the statute of limitations was triggered to begin running when petitioner's conviction became final by the conclusion of direct review or expiration of time for seeking such review. In this case, the underlying judgment of conviction and sentence entered on October 26, 2009 in Case No. CR2009-06-1009 became "final" within the meaning of § 2244(d)(1)(A) on November 25, 2009, when the 30-day period expired for filing a timely appeal to the Ohio Court of Appeals. *See* Ohio R. App. P. 4(A). The statute of limitations, therefore, commenced running one day later, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired on November 26, 2010 absent application of statutory or equitable tolling principles.

During the one-year limitations period that commenced on November 26, 2009, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state

---

jurisdictional grounds).

collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*

In this case, petitioner did not take any action during the one-year limitations period to challenge his conviction and sentence. Therefore, statutory tolling principles do not apply to extend the limitations period beyond November 26, 2010.

The AEDPA statute of limitations is also subject to equitable tolling, *see Holland,* 560 U.S. at 645, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson,* 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson,* 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently"; and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall,* 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling of the statute of limitations in this case. Petitioner has not been diligent in pursuing his rights and has not shown that he was prevented by an extraordinary circumstance from filing a timely habeas petition. To

6

the extent that petitioner may argue that he is entitled to equitable tolling due to his *pro se* status or lack of legal knowledge or access to legal materials, it is well-settled in the Sixth Circuit that those arguments are not sufficient to warrant equitable tolling. *See, e.g., Hall,* 662 F.3d at 750-51 (rejecting the petitioner's argument that he was entitled to equitable tolling because of his lack of access to the trial transcript, as well as his *pro se* status and limited law-library access); *Allen v. Yukins,* 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir. 1991)) ("this court has repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling'"); *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002) ("an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations"); *Lacking v. Jenkins,* No. 2:15cv3069, 2016 WL 4505765, at *4 (S.D. Ohio Aug. 29, 2016) (Report & Recommendation) ("A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations."), *adopted,* 2016 WL 6125683 (S.D. Ohio Oct. 19, 2016), *appeal filed,* No. 16-4291 (6th Cir. Nov. 10, 2016); *Boyd v. Tibbals,* No. 2:13cv611, 2014 WL 1400978, at *3 (S.D. Ohio Apr. 10, 2014) (Report & Recommendation) (and numerous cases cited therein) ("A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prisons' law library or to legal materials together or alon[e] do not provide a sufficient justification to apply equitable tolling of the statute of limitations."), *adopted,* 2014 WL 2931475 (S.D. Ohio June 30, 2014).

Finally, no showing has been made that the procedural bar to review should be excused based on a colorable showing of actual innocence. *See McQuiggin v. Perkins,* _ U.S. _, 133 S.Ct. 1924, 1935 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)).

Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus petition is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254. Under the applicable provision set forth in 28 U.S.C. § 2244(d)(1)(A), the statute of limitations began to run on November 26, 2009 and expired a year later, on November 26, 2010. Neither statutory nor equitable tolling principles apply to further extend the limitations period or otherwise avoid the statute-of-limitations bar to review in this case. Therefore, respondent's motion to dismiss (Doc. 6) should be **GRANTED** and petitioner's habeas corpus petition (Doc. 1) should be **DISMISSED** with prejudice on the ground that the petition filed in March 2016, over five years after the statute of limitations had run its course, is time-barred.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 6) be **GRANTED**, and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice.

2. A certificate of appealability should not issue with respect to the sole ground for relief alleged in the petition, which this Court has concluded is procedurally barred from review on statute-of-limitations grounds, because under the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would neither find it debatable whether the Court is correct in its procedural ruling nor find it debatable whether petitioner has stated a viable constitutional claim in his procedurally-barred ground for relief.

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner

leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 12/5/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JODY LEE COFFEY,
    Petitioner,

vs.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:16-cv-353

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc